**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| BONTLE SIPHO KHOZA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 25-3932 (UNA) |
| | ) | |
| DISTRICT OF COLUMBIA, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>MEMORANDUM OPINION</u>**

This matter is before the Court on plaintiff's application to proceed *in forma pauperis* and his *pro se* complaint. The application is GRANTED, and the complaint is DISMISSED without prejudice.

Complaints filed by *pro se* litigants are held to "less stringent standards" than those applied to pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Still, *pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks. Fed. R. Civ. P. 8(a). It "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).

Plaintiff alleges that, on November 7, 2025, in an alley off of H Street, N.W., two police officers responding to a call that "there's [a] person with a gun or weapon in the alley . . . check[ed plaintiff's] person, baggage & the surrounding area." Compl. at 4 (page numbers

1

designated by CM/ECF).  He demands an award of "8 Billion for the infinitesimal anatomical

segments of [his] person that have been abused, because whilst [he] was back there . . . trying to

figure out what made [him] special."  *Id*.

The court understands the complaint to raise a Fourth Amendment claim, *see id*. at 3,

arising from Plaintiff's arrest and the warrantless search of his person and possessions.  But the

complaint contains far too few factual allegations to allege a plausible claim.  "It is firmly

established that, to comport with the Fourth Amendment, a warrantless search or seizure must be

predicated on particularized probable cause," *Barham v. Ramsey*, 434 F.3d 565, 573 (D.C. Cir.

2006), and by alleging that the police officers were responding to a report of a person with a

weapon in the alley, Plaintiff, essentially, establishes probable cause for a seemingly brief

detention and cursory search of Plaintiff and his property.

An Order is issued separately.


                                                /s/
                                                TANYA S. CHUTKAN
                                                United States District Judge

DATE: June 17, 2026


2